FILED '09 DEC 23 11:52 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ANDREWS,

                Plaintiff,        Civil No. 09-6261-TC

    v.                          FINDINGS & RECOMMENDATION

DIAMOND PARKING, INC. and
DIAMOND PARKING SERVICES, LLC,
Oregon domestic corporations,

                Defendants.

COFFIN, Magistrate Judge:

    Plaintiff brings this action for wrongful discharge and for violations of the Oregon Family Medical Leave Act. Defendants removed the action from Deschutes County Circuit Court to this Court on the basis of diversity.

    Presently before the court is plaintiff's motion (# 7) to remand this case to state court. Plaintiff contends that the removal was untimely. For the reasons discussed below, the motion should be denied.

FACTUAL BACKGROUND

    On August 14, 2009, plaintiff's process server went to one of the offices of defendants and asked for the person in charge. He was directed to and left a copy of

the complaint with Matt Gibson, an hourly parking lot checker who lacked regular interaction with defendants' corporate office and who had no obligation to pass along legal documents as part of his regular duties and did not do so in this case.

Defendants' registered agents were served on September 2, 2009, and September 3, 2009.

## DISCUSSION

Plaintiff argues that he served the complaint on defendants on August 14, 2009 and that defendants' removal of the action on September 16, 2009 was untimely as the removal was not made within 30 days of service as required by 28 U.S.C. § 1446(b). Defendants argue that the removal was timely as it was made within 30 days of September 2nd and September 3rd, the dates the complaint was actually served.

ORCP 7D(3)(b) controls how corporations may be served. Where, as here, the

> registered agent, officer, director, general partner, or managing agent cannot be found in the county where the action is filed, true copies of the summmons and complaint may be served: ... by personal service on any clerk or agent of the corporation or limited partnership who may be found in the county where the action is filed; or by mailing true copies of the summons and the complaint to the office of the registered agent....

2 - FINDINGS & RECOMMENDATION

ORCP 7D(3)(b)(ii).

As previously stated, Matt Gibson was given a copy of the complaint on August 14, 2009. Matt Gibson is a non-exempt, hourly parking lot checker for defendants with no management responsibilities. He does not have regular contact with defendants' corporate office and his job duties do not include an obligation to pass along legal documents to defendants' corporate office. Matt Gibson was not a proper party for service pursuant to ORS 7D(3)(b)(ii). See generally, Abbots v. Bacon, 133 Or. App. 315, 319-320, 891 P.2d 1321 (1995)(defining the term "clerk" in ORCP 7D(3)(b)(i) to encompass "those employees who interact with the public, have regular contact with the registered agent, and for whom there is some obligation to pass along documents to the registered agent"); Stull v. Hoke, 153 Or. App. 261, 271, 957 P.2d 173 (1998)(leaving complaint with receptionist was ineffective where "there is no indication as to the frequency and nature of contact that [she] had with partners of the firm or the extent of her duties.") The August 14th service on Matt Gibson was ineffective and was not reasonably calculated to apprise defendants of the pendency of plaintiff's action. It may not be used for the purposes of calculating the timeliness of the removal.

Although plaintiff makes an argument based on specific language and certain facts found in <u>Abbots</u>, <u>supra</u>, that case is distinguishable as the service there took place at the registered agent's office. In contrast, the leaving of a copy of the complaint with Matt Gibson in this case took place in a county where the registered agent was not present.

All of plaintiff's other arguments have been considered and found unpersuasive.

Plaintiff served defendants' registered agents on September 2, 2009 and September 3, 2009. Defendants filed their Notice of Removal on September 14, 2009. The removal was therefore filed within 30 days of service and is timely.

## CONCLUSION

Plaintiff's motion (#7) to remand case to state court should be denied.

DATED this 23 day of December, 2009.

THOMAS M. COFFIN
United States Magistrate Judge